[No. 27779-1-I.   Division One.   March 15, 1993.]

THE STATE OF WASHINGTON, *Respondent,* v. KENNETH NESTRE LEE, *Appellant.*

*Suzanne Lee Elliott* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *John L. Belatti, Deputy,* for respondent.

KENNEDY, J. — Kenneth Nestre Lee challenges his conviction of first degree robbery contending that the prosecuting attorney's office violated state law by failing to follow its own guidelines in determining the initial charge and that the charge was then amended to a higher degree based on vindictiveness of the prosecuting attorney.[1] Finding that, pursuant to RCW 9.94A.430, the prosecutorial charging decision at issue is not subject to judicial review and that there is no evidence of prosecutorial vindictiveness, we affirm.

## FACTS

On August 13, 1990, as Laurie Tsutakawa was exiting her home and proceeding toward her car, her purse was grabbed. She was wearing her purse around her neck and waist. She was knocked down and dragged for approximately 20 feet by her assailant before the purse strap broke. During this inci-

---

[1] In his pro se brief, the appellant also challenges his conviction based on a claimed violation of his right to a speedy trial. A thorough review of the record indicates no evidence of such a violation. Accordingly, we reject this challenge.

dent, Ms. Tsutakawa was screaming, calling for help and yelling for someone to call the police. As Ms. Tsutakawa was dragged along the sidewalk, she suffered abrasions down to the cartilage on her hand and arm. She was treated at the emergency room after the incident. She later developed an infection in the abrasion on her arm and she suffered from nausea, sore ribs and a sore neck for several weeks after the incident.

On August 15, 1990, appellant was charged by information with second degree robbery in connection with the incident. The prosecutor's omnibus application, filed September 6, 1990, stated that the State would move to amend the charge to robbery 1 (injury). In the omnibus order, dated September 7, 1990, it was noted that the matter would be presented for jury trial.

The information was amended to robbery in the first degree on September 27, 1990. Appellant was found guilty by jury trial. This appeal followed.

DISCUSSION

I

Charging Decision

Appellant first contends that his conviction must be overturned because, given the evidence against him, the prosecutor charged him with too severe a crime under King County prosecuting attorney charging standards, in violation of RCW 9.94A.440.

RCW 9.94A.440(2) states in pertinent part that the "prosecutor should file charges which adequately describe the nature of defendant's conduct." Although we recognize the validity of RCW 9.94A.440 in establishing guidelines for prosecutors in making charging decisions, we reject appellant's attempt to secure judicial review of his conviction based on his perception of the prosecutor's noncompliance with this statute.

It is true that the United States Supreme Court has recognized that state statutes may create liberty interests which require constitutional due process protection if the

Legislature *intended* to create such a right. *See Vitek v. Jones*, 445 U.S. 480, 488, 63 L. Ed. 2d 552, 100 S. Ct. 1254 (1980).[2] However, no intent to create a substantive right with respect to specific charging standards is apparent in RCW 9.94A.440. Indeed, it is clear that the Legislature did *not* intend to create such a right. RCW 9.94A.430 specifically states that the prosecution standards "may not be relied upon to create a right or benefit, substantive or procedural, enforceable at law by a party in litigation with the state."

As stated by Professor Boerner in *Sentencing in Washington*, a work relied on by our Supreme Court in denying judicial review of a prosecutorial charging decision in another context,[3]

> [t]he minutes of the Sentencing Guidelines Commission make it clear that this result [judicial review of charging decisions] was not intended. . . .
> This provision was taken from the Department of Justice policies, where its intent is stated to be "to foreclose efforts to litigate the validity of prosecutorial actions alleged to be at variance with these principles or not in compliance with internal office procedures . . ..
> It is clear the Sentencing Guidelines Commission and the Legislature intended to prevent judicial review of these decisions.

(Footnotes omitted.) D. Boerner, *Sentencing in Washington* § 12.24, at 12-47 (1985).[4]

---

[2]*But see Smith v. Shettle*, 946 F.2d 1250, 1254 (7th Cir. 1991) ("Procedural regulations are not a source of constitutional entitlements".).

[3]*See State v. Lewis*, 115 Wn.2d 294, 299, 797 P.2d 1141 (1990).

[4]Professor Boerner also recognizes the federal case law which indicates that legislative procedural enactments may create a substantive right, but rejects their application in cases such as this one, due to the clear legislative intent expressed.

This [federal case law] argument assumes, of course, that the prosecuting standards governing the initial charging decisions were intended to and did create rights enforceable by individual defendants or victims. It is clear that what the Legislature intended was to provide "guidance for prosecutors," not to create "a right or benefit." Since under current due process analysis the creation of the right is an essential precondition to the requirement of procedural protections surrounding its exercise, a finding that no individual right

We do not foreclose the possibility that charging decisions may be challenged on other grounds,[5] but we reject appellant's attempt to challenge his conviction based on alleged noncompliance of the prosecutor's charging decision with state law when the Legislature has clearly indicated that no substantive or procedural rights were created by this law.

## II
### Amendment of Charge

Appellant next contends that the judgment must be overturned because he was convicted of a crime which the prosecutor charged out of vindictiveness. Specifically, appellant alleges that the charged crime was amended from robbery in the second degree to robbery in the first degree based on his refusal to plead guilty to the crime with which he was originally charged. He also argues that by failing to follow the applicable charging standards, the prosecutor prima facie acted vindictively. "Prosecutorial vindictiveness is [the] intentional filing of a more serious crime in retaliation for a defendant's lawful exercise of a procedural right." *State v. McKenzie*, 31 Wn. App. 450, 452, 642 P.2d 760, *review denied*, 96 Wn.2d 1024 (1981). Prosecutorial vindictiveness must be distinguished, however, from the rough and tumble of legitimate plea bargaining.

In *Bordenkircher v. Hayes*, 434 U.S. 357, 54 L. Ed. 2d 604, 98 S. Ct. 663, *reh'g denied*, 435 U.S. 918, 55 L. Ed. 2d 511, 98 S. Ct. 1477 (1978), the United States Supreme Court found no violation of a defendant's due process rights when a state prosecutor carried out threats made in the course of plea negotiations to seek a habitual offender indictment if the defendant refused to plead guilty to the initial charge.

was created will be fatal to attempts to assert that the nonenforceability provision violates due process.
(Footnotes omitted.) D. Boerner, *Sentencing in Washington* § 12.24, at 12-48 (1985).

[5] *See, e.g., State v. Judge*, 100 Wn.2d 706, 713, 675 P.2d 219 (1984) (Even with a prosecutor's broad discretion in charging, constitutional rights may be implicated if the charging decision is based on an illegal or unconstitutional motive.).

The prosecutor offered to recommend a 5-year prison term in exchange for a plea of guilty to the initial charge. A habitual offender conviction would subject the defendant to life imprisonment, a fact well known to defendant Hayes. The defendant rejected the plea bargain. The prosecutor obtained the habitual offender indictment. The defendant was convicted and sentenced to life in prison. His due process challenge eventually made its way to the United States Supreme Court.

Because the habitual offender charge was fully supported by the evidence, because the prosecutor disclosed his intentions from the outset of the plea negotiations, because the defendant was represented by counsel and fully informed of his options and because the defendant was free to accept or reject the prosecutor's offer, there was no violation of due process in the plea bargaining process. *Hayes*, 434 U.S. at 359-65.

■■ Plea bargaining is a legitimate process, so long as it is carried out openly and above the table, between prosecutors and defendants who are represented by counsel and fully informed. That a prosecutor may offer "hardball" choices to a defendant does not make the process constitutionally unfair, so long as the choices are realistically based upon evidence and options known to both sides.

Just as a prosecutor may legitimately reduce an initial charge as the result of a successful plea bargain,[6] he or she may legitimately increase an initial charge which was filed in the expectation that a fully informed and represented defendant would plead guilty to the lesser charge, when that expectation proves to be unfounded. *United States v. Goodwin*, 457 U.S. 368, 378-80, 73 L. Ed. 2d 74, 102 S. Ct. 2485 (1982).

Prosecutors have broad discretion with respect to charging decisions. An individual charging decision will depend upon many factors, including the prosecutor's analysis of the

---

[6] A prosecutor should not overcharge to obtain a guilty plea, however. *Cf.* RCW 9.94A.440(2) "ALL OTHER UNCLASSIFIED FELONIES", (2)(a), (b).

strength of the evidence, the possible defenses and the public purpose to be served by the prosecution. *State v. Judge*, 100 Wn.2d 706, 713, 675 P.2d 219 (1984); RCW 9.94A.440. Plea bargaining which is conducted openly and fairly between fully informed parties serves a legitimate public purpose. Without such plea bargaining our already congested judicial system would grind to a virtual halt.

An initial charging decision does not freeze prosecutorial discretion. A mere *opportunity* for vindictiveness is an insufficient reason for limiting prosecutorial discretion. Although a given defendant may be able to prove objectively that there has been *actual* vindictiveness in a charging decision following unsuccessful plea negotiations, absent such a showing, there is no violation of due process merely because a prosecutor "ups the ante" by amending to a higher charge. *Goodwin*, 457 U.S. at 382-84.

Our Washington case law is in accord with these federal cases. *See McKenzie*, 31 Wn. App. at 453; *State v. Bockman*, 37 Wn. App. 474, 488, 682 P.2d 925, *review denied*, 102 Wn.2d 1002 (1984); *State v. Lass*, 55 Wn. App. 300, 306, 777 P.2d 539 (1989).

Here, Lee has presented no evidence of actual vindictiveness. Although the prosecutor's charging guidelines suggest an initial charge of first degree theft or second degree robbery for purse snatching, these same guidelines state that first degree robbery should be charged in any robbery where substantial injury is inflicted on the victim. Ms. Tsutakawa received a serious although not a life-threatening injury. Her injury could fairly be viewed as substantial. Here there is no evidence whatsoever that the prosecutor's ultimate charging decision had anything to do with Lee's request for a jury trial. In fact, Lee received notice of the prosecutor's intention to amend the charge before he requested a jury trial.[7]

A defendant's ultimate protection against overcharging lies in the requirement that the State prove all elements of

---

[7]Even the reverse would not necessarily raise an evidentiary inference of prosecutorial vindictiveness. *See Goodwin*, 457 U.S. at 383.

the charged crime beyond a reasonable doubt. Lee does not challenge the sufficiency of the evidence to prove the crime of first degree robbery beyond a reasonable doubt. He does not allege any constitutional unfairness in the plea negotiations which preceded the prosecutor's ultimate charging decision.

Were we to accept Lee's premise, a legitimate plea negotiation tool would be removed from the plea bargaining process. Prosecutors would not be likely to exercise their legitimate discretion to charge a lesser offense initially in the reasonable expectation of obtaining a guilty plea, thus saving the State from the necessity of protracted plea negotiations and/or a trial.

Although Lee argues that the prosecutor "overcharged" him, the fact that his otherwise unchallenged conviction is supported by substantial evidence belies that claim. Lee rejected an offer to plead guilty to a lesser included charge. Having rejected that offer and suffered the consequences, he asks this court to reverse and remand "for the filing of the proper charge." Brief of Appellant, at 12. There being no support in fact or in law for this request, we reject it.

We affirm the judgment.

PEKELIS, A.C.J., and SCHOLFIELD, J., concur.

Review denied at 122 Wn.2d 1003 (1993).