IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

STATE OF WASHINGTON,

Appellant,

v.

RYAN CORDELL GATES,

Respondent.

No. 86177-8-I

DIVISION ONE

UNPUBLISHED OPINION

COBURN, J. — Gates was charged with crimes related to the sexual abuse of his 11-year-old niece in Thurston County in 2018. Following that investigation, the Pierce County prosecutor's office reopened a 2011 case in which it initially declined to file charges based on the reported sexual abuse of Gates' then 12-year-old stepdaughter. Gates argues that the trial court erred in denying his motion to dismiss for prosecutorial vindictiveness. A jury acquitted Gates of child molestation in the first degree, but convicted him of child molestation in the second degree. We affirm.

FACTS

In 2011, Gates' stepdaughter, T.B., then 12 years old, reported to her mother, K.H., that Gates had sexually abused her. K.H. took no action. T.B. traveled to her father's home in California that weekend and reported the abuse to her stepmother. T.B.'s father subsequently reported the abuse to law enforcement in Pierce County. T.B. moved to live with her father in California after she disclosed the abuse. Law

enforcement investigated. K.H. told investigators she thought T.B. had fabricated the allegations so she would be permitted to live with her father and attend school in California. Following the investigation, the Pierce County Office of the Prosecuting Attorney sent a letter to K.H. informing her that "no charges will be filed in this matter" because it was "determined that this case could not be proven in court." K.H. and Gates ended their relationship at some point after T.B. reported the abuse.

Gates later remarried and his new wife, in 2017, reported to the Thurston County Sheriff's Office that Gates had had sexual contact with his niece, then 11 years old. While investigating Gates, the detective became aware of the allegations made by T.B. years prior. The detective contacted T.B., who told him that she suffered PTSD following Gates' abuse and required the use of a service animal. T.B. reported that she resented her mother's failure to act after she told her of the abuse and that T.B. would be willing to cooperate with Pierce County authorities if they were able to reopen the case and charge Gates. The detective noted that he would provide T.B.'s current contact information to the appropriate authorities in Pierce County. The Thurston County Prosecuting Attorney's Office charged Gates for the alleged abuse of his niece in December 2018.

Following the contact by the Thurston County detective, both T.B. and K.H. reached out to the Pierce County prosecutor's office requesting that the 2011 case be reopened and that the office consider charging Gates. In April 2019, Thurston County sent reports from its case to Pierce County at Pierce County's request. After several changes in staff in both offices, the assigned Thurston County prosecutor reached out to Pierce County by email in September 2019 to ask what Pierce County planned to do.

The assigned Pierce County deputy prosecutor responded that it was on his desk to review. The Thurston County prosecutor asked the Pierce County prosecutor to give her a call after his review, as she was "curious what [his] take is." The Pierce County prosecutor did not appear to respond until Thurston County followed up in July 2020, stating in an email

> Just checking in with you about Ryan Gates . . . I expect my case is going to get pushed out a bit; [defense counsel] would like it to go, but my court isn't doing special questioning or large veneer [sic] jury trials yet (actually we haven't done a small one yet, and we still don't have a space to do them).
>
> Please let me know when you get the chance.

Three days later, the Pierce County prosecutor responded

> I have reviewed our case and the Thurston County case. I believe ours is chargeable. I think yours is the strongest cases. I will charge mine. I don't know if that will change [defense counsel's] or the defendant's outlook on your case.

Thurston County responded

> I agree that I have the stronger case; my victim was amazing in the defense interview. I hope that she will be great on the stand as well, even with this much time between then and now.
>
> Hopefully it will push him to seek a global. I doubt it. I learned that he has a new girlfriend with a daughter, who is apparently 18.
>
> Let's keep talking.
>
> Thank you for letting me know.

On August 12, 2020, Gates was charged in Pierce County with one count of child molestation in the first degree and one count of child molestation in the second degree. Gates filed a motion to dismiss the charges on the basis of prosecutorial vindictiveness, arguing that Pierce County charged him with these crimes in an attempt to assist the Thurston County prosecutor in its own case and in order to force Gates into pleading

guilty in both cases.

The Pierce County deputy prosecutor who reviewed the case for refiling testified at an evidentiary hearing on the motion. He testified that he decided to file charges largely because the victim, T.B. and her mother agreed to cooperate and requested that the case be reopened. During cross examination by defense counsel, the prosecutor was asked, "were you aware when you made the charging decision based on your conversations with [the Thurston County prosecutor] or review of the Thurston case file that [a Thurston County Superior Court judge] had ruled that the Pierce County incident that we're talking about was excluded and not appropriate 404(b) evidence?" The Pierce County prosecutor responded, "I did not know of any decisions made by Thurston County as to whether or not ours would be admitted in theirs, but . . . that decision by that judge would not impact my ability on this case one way or the other. If she had admitted it, it wouldn't have changed my review. If she didn't admit it, it wouldn't change my review."

At the beginning of the hearing, the parties stipulated to the admissibility of a total of seven exhibits for the sole purpose of the motion to dismiss. The written defense motion, which did not include a declaration, asserted facts, including the trial date in Thurston County and a judge's ER 404(b) ruling, that were not established by any of the admitted exhibits or witness testimony.

It was the State who elicited the testimony of the Pierce County prosecutor at the evidentiary hearing. During the hearing the prosecutor confirmed that none of the alleged facts of the underlying case had changed and no new investigation of the underlying charge had taken place prior to the refiling of charges. However, the

4

prosecutor explained, in his review of the case he concluded there were changes that supported refiling. He summarized those changes. The mother was now on board with prosecuting. Previously, the mother believed that T.B. was lying in order to live with her father. T.B. was 12 at the time and immediately after reporting the incident to her father was allowed to stay with him. T.B. is now an adult and continues to maintain that Gates sexually abused her. She reports the incident left her with PTSD and resents her mother for not previously believing her.

The prosecutor denied charging the case to create leverage for plea bargaining in the Thurston County case. "[M]y intent was to review our case and determine if we had a provable case that we could seek justice for our victim." He further testified that, regardless of what happened in Thurston, his decision was based on a review of the case and determination that it was chargeable. The prosecutor acknowledged that it was not uncommon for prosecutors from different counties to communicate with each other about a mutual defendant to ascertain the status of charges. The prosecutor explained

> I do inform other counties if I charge a case and we have a similar defendant in the event people want to seek a global.
> I also reached out to other counties where I'm told they have a pending case on a defendant to try to see if they're going to charge or not in order to inform the defense counsel in mine. But it's never about, oh, let's force somebody into a plea because I don't believe that I have the ability to do that. The defendant has the right to plea or not. If he wants a global, then we will consider it and we will make an offer if we think that's appropriate. If he doesn't, then we will proceed with our case.

During argument, defense counsel conceded that it was reasonable for a prosecutor to alert defendants that if they went to trial they will be facing more charges. The difference here, defense argued, was that "the prosecutor's office in this case

5

delays nine years and does nothing, does zero, and then at the request of another prosecuting authority files charges with no new information that they themselves, Pierce County, said was insufficient to charge the case." Defense counsel also argued, without evidentiary support, that the Pierce County charges were filed "five days" before trial in the Thurston County case was scheduled.

The trial court denied the motion to dismiss, stating "I cannot conclude that [Pierce County's] decision to file Pierce County's case was actually vindictive. Nor am I persuaded that the totality of the circumstances give rise to a presumption of vindictiveness. Even if I did presume vindictiveness, the State rebutted it."

Gates proceeded to trial in Pierce County. A jury found Gates guilty of one count of child molestation in the second degree and not guilty of child molestation in the first degree. Gates was sentenced to 20 months' confinement and 36 months of community custody.

Gates appeals.

DISCUSSION

Gates argues that the Pierce County prosecutor's decision to file charges against him based on the 2011 report by his stepdaughter amounted to prosecutorial vindictiveness designed to punish him for exercising his right to trial in a separate case in another county. We disagree.

A trial court's ruling on a motion to dismiss is reviewed for abuse of discretion. State v. Miller, 92 Wn. App. 693, 702, 964 P.2d 1196 (1998). "Discretion is abused when the trial court's decision is manifestly unreasonable, or is exercised on untenable grounds, or for untenable reasons." State v. Blackwell, 120 Wn.2d 822, 830, 845 P.2d

1017 (1993). Dismissal is an extraordinary remedy and not warranted unless the defendant shows prejudice. Miller, 92 Wn. App. at 702-03 (citing State v. Marks, 114 Wn.2d 724, 730, 790 P.2d 138 (1990)).

Prosecutors have substantial discretion in determining how and when to file criminal charges. State v. Stearns, No. 101502-0, slip op. at 8 (Wash. Mar. 28, 2024), https://www.courts.wa.gov/opinions/pdf/1015020.pdf (citing State v. Lewis, 115 Wn.2d 294, 299, 797 P.2d 1141 (1990)). But that discretion is guided by provisions of chapter 9.94A RCW, which counsels against "overcharg[ing]" by adding additional counts or charging a higher degree of crime to obtain a guilty plea. RCW 9.94A.411(2)(a)(ii)(A), (B).

Prosecutorial discretion is limited by constitutional due process principles. State v. Korum, 157 Wn.2d 614, 627, 141 P.3d 13 (2006). These principles prohibit "prosecutorial vindictiveness." Id. Prosecutorial vindictiveness occurs when "the government acts against a defendant in response to the defendant's prior exercise of constitutional or statutory rights." Id. (quoting United States v. Meyer, 810 F.2d 1242, 1245 (D.C. Cir. 1987)). A "prosecutorial action is 'vindictive' only if *designed* to penalize a defendant for invoking legally protected rights." Id.

"There are two kinds of prosecutorial vindictiveness: actual vindictiveness and a presumption of vindictiveness." Id. (citing Meyer, 810 F.2d 1246). Actual vindictiveness requires a defendant to present objective evidence that a prosecutor "acted in order to punish him for standing on his legal rights." Meyer, 810 F.2d at 1245. Such a showing is "exceedingly difficult to make." Id. "A presumption of vindictiveness arises when a defendant can prove that 'all of the circumstances, when taken together, support a

realistic likelihood of vindictiveness.'" Korum, 157 Wn.2d at 627 (quoting Meyer, 810 F.2d at 1246). The prosecution can rebut this presumption by presenting "objective evidence justifying the prosecutorial action." Id. at 627-28 (citing Meyer, 810 F.2d at 1245).

Gates fails to show actual vindictiveness and presents no objective evidence that the Pierce County prosecutor's decision to file charges against him was designed to punish him for exercising any legal right. Gates similarly fails to show that the circumstances of his charges in both counties support a realistic likelihood of vindictiveness.

Gates fails to show that he had, in fact, exercised a right for which the Pierce County prosecutors sought to punish him. First, Gates claims that he was retaliated against for exercising his constitutional right to a jury trial. But the record establishes that the Pierce County trial court hearing the motion did not have any evidence before it to support the claim that Gates exercised his right to go to trial in Thurston County. Second, in other cases of alleged prosecutorial vindictiveness, courts have evaluated the prosecutor's motives in adding criminal charges after a defendant has rejected a plea offer or withdrawn from a plea agreement. See Korum, 157 Wn.2d at 635 (collecting cases) (finding no prosecutorial vindictiveness where the State charged 16 additional counts with a standard range of over 100 years' confinement after defendant withdrew from plea agreement in which he would plead guilty to two charges totaling 15 years' confinement); State v. Lee, 69 Wn. App. 31, 35-38, 847 P.2d 25 (1993) (finding no prosecutorial vindictiveness where the State amended a charge from robbery in the second degree to the first degree after defendant refused to plead guilty).

8

Here, Gates presents no evidence that he exercised any right by rejecting or withdrawing a plea offer. He fails to show that any such offer had been presented to him by either Thurston County or Pierce County prosecutors. In fact, the Pierce County prosecutor testified that a global resolution was an option "we could talk about" had Gates wanted to, but did not state that any such offer was made or presented to Gates before or after he was charged in Pierce County.

Gates relies only on an email sent by the Thurston County prosecutor, referring to the charges in Pierce County, stating "[h]opefully it will push him to seek a global." Moreover, the Pierce County prosecutor testified that he did not know of any evidentiary rulings in the Thurston County case related to the admissibility of the Pierce County matter, and his decision to charge was based on review of the Pierce County case "regardless" of what occurred in his Thurston County case. In this case, Gates has failed to show that he exercised any right for which Pierce County sought to punish him by filing charges, precluding his claims of prosecutorial vindictiveness.

Even if Gates had presented evidence giving rise to a presumption of vindictiveness, the prosecution presented evidence justifying its action sufficient to rebut such a presumption. The prosecution showed evidence that changed circumstances in the case justified its decision to file charges years after the victim's initial report to law enforcement, including the victim's continued requests to reopen the case, the fact that the victim's mother was now willing to cooperate, the fact that the victim's claims remained consistent through adulthood, and the fact defense could no longer suggest that the victim was motivated to lie in order to be permitted to live with her father. Moreover, the prosecutor testified that he did not "know of any decisions made by

9

Thurston County" or the judge in that case, nor would knowledge of any decisions in that case change his assessment of the case in Pierce County. "'Credibility determinations are for the trier of fact' and are not subject to review." State v. Cardenas-Flores, 189 Wn.2d 243, 266, 401 P.3d 19 (2017) (quoting State v. Camarillo, 115 Wn.2d 60, 71, 794 P.2d 850 (1990)).

Gates has failed to meet his burden to show that any action undertaken by Pierce County in deciding to file charges against him was vindictive or designed to penalize him for invoking any right in his Thurston County case. The trial court did not abuse its discretion in finding that there was no prosecutorial vindictiveness and denying Gates' motion to dismiss.

We affirm.

Coburn, J.

WE CONCUR:

Feldman, J.          Díaz, J.