[No. 30378-1-III.   Division Three.   August 15, 2013.]

THE STATE OF WASHINGTON, *Respondent*, v. PATRICK GALE WILSON, *Appellant*.

*Susan M. Gasch* (of *Gasch Law Office*), for appellant.

*Andrew K. Miller, Prosecuting Attorney*, and *Anita I. Petra, Deputy*, for respondent.

¶1 KULIK, J. — Patrick Gale Wilson was found guilty of first degree child rape. On appeal, he contends that his

constitutional right to a jury trial was violated by the trial court's instruction that the jury had a duty to return a guilty verdict if each of the elements of the crime had been proved beyond a reasonable doubt. We agree with the opinions of Divisions One and Two that uphold the instruction. Mr. Wilson also challenges the repayment of his legal financial obligations (LFOs) and the imposition of community custody conditions on the possession of pornography and alcohol.

## FACTS

¶2 Patrick Wilson was charged with first degree child rape of his daughter, D.M.S. (date of birth March 13, 2002). At trial, the court gave the standard "to convict" instruction for the crime as presented by the State. The instruction included, "If you find from the evidence that each of these elements has been proved beyond a reasonable doubt, then it will be your duty to return a verdict of guilty." Clerk's Papers (CP) at 299. Consequently, the court rejected Mr. Wilson's proposed instruction that stated, "In order to return a verdict of guilty, you must unanimously find from the evidence that each of these elements has been proved beyond a reasonable doubt." CP at 284. Mr. Wilson maintained that this jury instruction was more appropriate because the constitution did not impose a duty on the jury to convict, even if it found proof of the elements beyond a reasonable doubt.

¶3 A jury convicted Mr. Wilson of rape of a child in the first degree. Mr. Wilson was sentenced to a minimum of 136 months to life.

¶4 The court ordered Mr. Wilson to pay over $15,000 in LFOs. Mr. Wilson's judgment and sentence contained section 2.5, which stated, "The court has considered the total amount owing, the defendant's past, present and future ability to pay legal financial obligations, including the defendant's financial resources and the likelihood that the

defendant's status will change." CP at 325. However, the trial court did not indicate on the judgment and sentence that it found that Mr. Wilson had the ability or future ability to pay the LFOs.

¶5 Section 4.1 of the judgment and sentence ordered that "[t]he defendant shall pay up to $50.00 per month to be taken from any income the defendant earns while in the custody of the Department of Corrections. This money is to be applied towards legal financial obligations." CP at 326.

¶6 Additionally, the trial court imposed conditions on Mr. Wilson's term of community custody. The trial court ordered that Mr. Wilson not possess or puruse pornographic materials. The court also ordered that Mr. Wilson not purchase, possess, or use alcohol; that Mr. Wilson submit to testing and searching by the community corrections officer to monitor compliance with the alcohol conditions; that Mr. Wilson not enter a business where alcohol is the primary commodity for sale; and that Mr. Wilson undergo alcohol evaluation and follow recommended treatment.

¶7 Mr. Wilson appeals. He contends that the "to convict" jury instruction violated his constitutional right to a jury trial, that the trial court erroneously ordered him to pay his LFOs without finding that he has the ability to pay, and that the trial court exceeded its authority by ordering community custody conditions on pornography and alcohol.

## ANALYSIS

¶8 "Jury instructions are sufficient if they are not misleading, permit the parties to argue their cases, and properly inform the jury of the applicable law when read as a whole." *State v. Meggyesy*, 90 Wn. App. 693, 698, 958 P.2d 319 (1998), *abrogated on other grounds by State v. Recuenco*, 154 Wn.2d 156, 110 P.3d 188 (2005).

¶9 Mr. Wilson assigns error to the trial court's instruction to the jury that "[i]f you find from the evidence that each of these elements has been proved beyond a

reasonable doubt, then it will be your duty to return a verdict of guilty." CP at 299. The language of this instruction is from 11 *Washington Practice: Washington Pattern Jury Instructions: Criminal* 44.11 (3d ed. 2008). Mr. Wilson argues that under Washington law, juries never have a duty to return a verdict of guilty and that the instruction violates article I, sections 21 and 22 of the Washington Constitution. The rationale that underlies Mr. Wilson's challenge has been rejected in cases arising from Division One and Division Two of this court. *Meggyesy*, 90 Wn. App. 693; *State v. Brown*, 130 Wn. App. 767, 124 P.3d 663 (2005).

¶10 In *Meggyesy*, the defendants challenged the same jury instruction as Mr. Wilson. *Meggyesy*, 90 Wn. App. at 697. The defendants opposed the instruction that required the jury to return a guilty verdict upon finding proof of each element beyond a reasonable doubt and, instead, asserted that a proper instruction should have informed the jury that it "may" convict upon a finding of proof beyond a reasonable doubt. *Id.* (emphasis omitted). Division One upheld the language in the challenged jury instruction. *Id.* at 698. The court concluded that the instruction did not implicate the federal constitutional right to a jury trial or misstate the law. *Id.* at 701. The court determined that defendants essentially proposed a jury nullification instruction and that the defendants were not entitled to an instruction that permitted the jury to acquit against the evidence. *Id.* at 699-700.

¶11 The court also conducted a six-step *Gunwall*[1] analysis and concluded that there was "no independent state constitutional basis to invalidate the challenged instructions." *Id.* at 704. Of particular importance, the court reviewed state constitutional history and preexisting state law and determined that the Washington Constitution does not provide a broader right to a jury trial with respect to the challenged jury instructions. *Id.* at 702-03.

---

[1] *State v. Gunwall*, 106 Wn.2d 54, 720 P.2d 808 (1986).

¶12 *Brown* also challenged the jury instruction, claiming that the "to convict" language affirmatively misled the jury about its power to acquit and that the word "duty" conveyed to the jury that it could not acquit if the elements had been established. *Brown*, 130 Wn. App. at 771. Division Two concluded that Mr. Brown raised the same issues that were addressed in *Meggyesy* and then rejected Mr. Brown's argument based on *Meggyesy*. *Id*. Further, the court held that the purpose of the instruction is to provide the jury with the law applicable to each particular case, and that jury nullification is not a law to be applied to Mr. Brown's charged crime. *Id*.

¶13 Here, Mr. Wilson requests that we reconsider this issue. He raises the same challenge as in *Brown* and uses the same constitutional arguments set forth in *Meggyesy*. Despite Mr. Wilson's request, we agree with the reasoning in the aforementioned cases and hold that "such an instruction is equivalent to notifying the jury of its power to acquit against the evidence and that a defendant is not entitled to a jury nullification instruction." *State v. Bonisisio*, 92 Wn. App. 783, 794, 964 P.2d 1222 (1998) (citing *Meggyesy*, 90 Wn. App. at 700). We hold that Mr. Wilson's constitutional right to a jury trial was not violated by the "to convict" jury instruction.

¶14 The remainder of this opinion has no precedential value. Therefore, it will be filed for public record in accordance with RCW 2.06.040, the rules governing unpublished opinions.

KORSMO, C.J., and SIDDOWAY, J., concur.

Review denied at 179 Wn.2d 1012 (2014).