# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 69564-9-I |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| SUDESHKUMAR S. KOTHARI, | ) | |
| Appellant. | ) | FILED: March 17, 2014 |

GROSSE, J. — Sudeshkumar Kothari appeals his convictions for first degree burglary-domestic violence, second degree assault-domestic violence, and misdemeanor violation of a court order, arguing that the trial court erred in instructing the jury that it had a "duty to return a verdict of guilty" if it found all the elements of the offense beyond a reasonable doubt. This argument is contrary to controlling authority. State v. Ryan Moore, __ Wn. App. __, 318 P.3d 296 (2014) and the cases cited therein.

In his statement of additional grounds, Kothari challenges the sufficiency of the evidence. Kothari's arguments amount to an attack on the credibility of the witnesses at trial, including the victim. But we do not disturb credibility determinations on appeal.[1]

Kothari also contends that he was denied his right to represent himself and that he was coerced into accepting counsel. The federal and state constitutions guarantee a defendant the right to self-representation.[2] To exercise the right, the defendant must make an unequivocal, knowing, intelligent, and timely request. A trial court's denial of a

---

[1] State v. Camarillo, 115 Wn.2d 60, 71, 794 P.2d 850 (1990).
[2] U.S. CONST. amends. VI, XIV; WASH. CONST. art. I, § 22; see also Faretta v. California, 422 U.S. 806, 828-29, 95 S. Ct. 2525, 45 L. Ed. 2d 562 (1975).

request for self-representation is reviewed for abuse of discretion.[3] The court engaged Kothari in a colloquy and ultimately determined that Kothari's request was equivocal. Here, Kothari only wanted to proceed pro se if he could use the services of his counsel. The court informed Kothari that he did not have a legal right to stand-by counsel. A decision to offer stand-by counsel would be made at the court's discretion only after Kothari made his decision to proceed pro se, recognizing that he might not receive stand-by counsel. Kothari told the court that he wanted to proceed pro se but that he was doing it "under duress." This was equivocal. Under these circumstances, the trial court did not abuse its discretion in denying Kothari the right to proceed pro se.

Kothari also complains that the court erred in denying his motion for a new trial on grounds of ineffective assistance of counsel. Counsel was appointed to represent Kothari in his motion for a new trial because he challenged his trial counsel's performance. The trial court received an affidavit from Kothari's trial counsel and the court considered oral and written arguments. The trial court denied the motion.

To prevail on a claim of ineffective assistance of counsel, a defendant must show that his counsel's performance fell below an objective standard of reasonableness and that this deficient performance prejudiced his trial.[4] Both prongs must be satisfied. There is a strong presumption of effective representation of counsel and the defendant must show that there was no legitimate strategic or tactical reason for the challenged conduct.[5]

---

[3] State v. Breedlove, 79 Wn. App. 101, 106, 900 P.2d 586 (1995).
[4] Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); State v. McFarland, 127 Wn.2d 322, 334-35, 899 P.2d 1251 (1995).
[5] McFarland, 127 Wn.2d at 336.

On appeal, Kothari asserts his trial counsel was ineffective because counsel failed to advise Kothari that he could not assert self-defense. A criminal defendant is entitled to have the trial court instruct upon his or her theory of the case so long as there is evidence to support that theory.[6] Here, there was no such evidence. Moreover, prior to the trial starting, Kothari's counsel clearly stated that self-defense was not available because of the alleged unlawful entry. Kothari entered his ex-wife's home in contravention of a restraining order and committed an assault by repeatedly (some 25 to 30 times) giving the victim electric shocks from a runt (similar to a taser) device. Kothari maintained that he did this in self-defense. Kothari's teenage daughter was at home at the time of the assault and witnessed Kothari repeatedly jabbing her mother with an object that looked like a taser. The daughter witnessed several blue sparks coming from her mother as Kothari continued to shove the implement against her mother while the mother was lying on the floor. There was no evidence that supported such an instruction other than Kothari's self-serving statements.[7] Kothari was not entitled to a self-defense instruction.

Kothari also claims that he was never informed of his right to not take the stand. Throughout the trial there are numerous instances that indicate Kothari's desire to testify, to tell his side of the story. Kothari argues here, as he did below, that had he known self-defense was not available to him, he would not have taken the stand. Whether or not Kothari testified in this instance had no bearing on the outcome of the case, as the evidence was overwhelming that Kothari entered the home in violation of a protection order and assaulted his ex-wife.

---

[6] State v. Hughes, 106 Wn.2d 176, 191, 721 P.2d 902 (1986).
[7] State v. Calvin, ___Wn. App.___, 316 P.3d 496 (2013).

Kothari's claims of prosecutorial misconduct are baseless. The essence of Kothari's argument seems to be that misconduct occurred because the prosecutor called the victim and witnesses to the stand knowing the statements were false. Likewise, Kothari's claims of bias on the part of the trial judge are without merit. These generalized and unsupported claims of judicial bias do not merit review.

Affirmed.

WE CONCUR: