FILED
COURT OF APPEALS
DIVISION II

2014 JUL 22 AM 10: 24

STATE OF WASHINGTON

BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 44626-0-II |
| Respondent, | |
| v. | |
| ERIC DAVID BOWMAN, | UNPUBLISHED OPINION |
| Appellant. | |

MAXA, J. — Eric Bowman appeals his conviction for first degree child molestation. He argues that the trial court erred in instructing the jury that it had a "duty to return a verdict of guilty" if it found all of the elements of the offense beyond a reasonable doubt. Clerk's Papers (CP) at 68. In his Statement of Additional Grounds (SAG), Bowman argues that (1) the trial court abused its discretion in admitting testimony of prior bad acts under ER 404(b); (2) the trial court abused its discretion in admitting certain out-of-court statements made by the victim under the child statement exception to the hearsay rule, RCW 9A.44.120; and (3) his conviction should be vacated because the jury improperly rendered its verdict based on emotion rather than reason. We decline to consider Bowman's challenge to the "duty to convict" instruction because he did not object below and cannot show manifest error, and we reject Bowman's SAG arguments. Accordingly, we affirm Bowman's conviction.

44626-0-II

## FACTS

In 2012, Bowman's minor daughters, MB and CB, reported that Bowman would frequently not wear clothes when he was alone with them and that he showed them nude pictures of himself with his ex-wife and her daughters. In addition, CB reported that Bowman would get into bed with her and touch her chest and vagina, that he asked her to touch his penis, and that he would take showers with her. The State charged Bowman with first degree child molestation of CB.

Before trial, the State moved to admit testimony from MB about her father's inappropriate sexual boundaries and how his actions made her feel uncomfortable, including testimony that he walked around naked in front of her. The State argued that the testimony was admissible under ER 404(b) as evidence of prior acts to show a common plan or scheme by Bowman to groom his daughters for abuse. The trial court granted the motion. The State also moved to admit two hearsay statements made by CB, arguing that the statements satisfied the requirements for admission of child statements under RCW 9A.44.120. The trial court held a pretrial evidentiary hearing and ordered the evidence admitted.

Bowman's case was tried to a jury. Both CB and MB testified, and CB's hearsay statements also were introduced as evidence through the testimony of a police detective. The trial court gave a "to convict" instruction that listed the elements of first degree child molestation and further stated: "If you find from the evidence that each of these elements has been proved beyond a reasonable doubt, then it will be your duty to return a verdict of guilty." CP at 68. Bowman did not object to this instruction.

A jury found Bowman guilty as charged. Bowman appeals.

2

## ANALYSIS

### A. "DUTY TO CONVICT" INSTRUCTION

Bowman argues that the trial court's "to convict" instruction, which provided that the jury had a "duty" to convict if it found the elements of the crime beyond a reasonable doubt, misstated the law and violated his right to a jury trial under both the United States and Washington Constitutions. We need not address this issue because Bowman did not object to the instruction below and he cannot show a manifest constitutional error under RAP 2.5(a)(3).

Under RAP 2.5(a)(3), we will consider an issue not raised in the trial court only if it involves a manifest error affecting a constitutional right. Bowman asserts that the "duty to convict" instruction involves a constitutional issue because both the United States and Washington State Constitutions protect the fundamental right to trial by jury. U.S. CONST. art. III, § 2; U.S. CONST. amends. V, VI, VII; WASH. CONST. art. I, §§ 21. However, even assuming that Bowman's argument raises a constitutional issue, he cannot show that the trial court committed a manifest error.

The trial court instructed the jury, "If you find from the evidence that each of these elements [of first degree child molestation] has been proved beyond a reasonable doubt, then it will be your duty to return a verdict of guilty." CP at 68. This instruction follows standard language in the Washington pattern jury instructions. 11 WASHINGTON PRACTICE: WASHINGTON PATTERN JURY INSTRUCTIONS: CRIMINAL 44.21 (3d. ed. 2008). Bowman nevertheless argues that the instruction misstates the law because the jury does not have a "duty" to return a guilty verdict. In support of this contention, Bowman points to the jury's power to acquit against the evidence and the court's lack of power to direct a verdict or coerce a jury.

3

We held in *State v. Brown*, 130 Wn. App. 767, 770-71, 124 P.3d 663 (2005), that it is not error to give the "duty" instruction. More recently, we stated that *Brown* had "unequivocally rejected" the arguments Bowman now raises. *State v. Davis*, 174 Wn. App. 623, 641, 300 P.3d 465 (citing *Brown*, 130 Wn. App. at 770-71), *review denied*, 178 Wn.2d 1012 (2013). The other two divisions of this court also have rejected this argument in recent cases. *State v. Moore*, 179 Wn. App. 464, 465-69, 318 P.3d 296 (Division One), *review denied*, ___ Wn.2d ___ (2014); *State v. Wilson*, 176 Wn. App. 147, 151, 307 P.3d 823 (2013) (Division Three), *review denied*, 179 Wn.2d 1012 (2014). Based on this precedent, the trial court's "to convict" instruction was not improper. Accordingly, there was no manifest error and we need not consider Bowman's argument further.

B.     STATEMENT OF ADDITIONAL GROUNDS

Bowman raises three additional grounds for review. First, he asserts that the trial court should have excluded MB's testimony under ER 404(b). Second, Bowman asserts that the trial court should not have admitted CB's statements in two interviews under RCW 9A.44.120 because the interviews contained statements that fell outside the scope of the statute. Finally, Bowman asserts that his conviction should be vacated because the jury verdict was based on emotion, not reason. We reject Bowman's arguments.

1.     MB's Testimony is Admissible Under ER 404(b)

MB testified at trial that her father was often naked around her and showed her naked pictures of himself with his ex-wife and their children. MB also testified that she disclosed her father's inappropriate behavior to a school guidance counselor, which led to a discussion with CB about their father's behavior and an investigation by a detective. Bowman argues that the

4

trial court abused its discretion in admitting MB's testimony because it constituted improper character evidence under ER 404(b). He argues that the admission of this evidence for the purpose of demonstrating a pattern of "grooming"[1] was inappropriate testimony as to his character. Because this testimony was admitted for a proper limited purpose, and because the trial court appropriately gave a limiting instruction, we disagree.

Interpretation of an evidentiary rule is a question of law reviewed de novo. *State v. Gresham*, 173 Wn.2d 405, 419, 269 P.3d 207 (2012). If the trial court's interpretation of the evidentiary rule is correct, then the trial court's decision to admit evidence is reviewed for an abuse of discretion. *Gresham*, 173 Wn.2d at 419.

ER 404(b) prohibits admission of evidence of prior bad acts to prove that a defendant has a criminal propensity, but permits evidence of prior acts for other purposes:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, *plan*, knowledge, identity, or absence of mistake or accident.

ER 404(b) (emphasis added). The list of other proper purposes is merely illustrative. *Gresham*, 173 Wn.2d at 420. The burden of demonstrating that the evidence will be used for a proper purpose is on the proponent of the evidence. *Gresham*, 173 Wn.2d at 420.

Washington courts repeatedly have held that testimonial evidence of prior acts of child sexual abuse committed by a defendant is admissible in criminal proceedings for the purpose of showing a common scheme or plan. *E.g.*, *Gresham*, 173 Wn.2d at 421 ("One proper purpose for

---

[1] "Grooming" is a "process by which child molesters gradually introduce their victims to more and more explicit sexual conduct." *State v. Quigg*, 72 Wn. App. 828, 833, 866 P.2d 655 (1994).

admission of evidence of prior misconduct is to show the existence of a common scheme or plan."); *State v. DeVincentis*, 150 Wn.2d 11, 22-24, 74 P.3d 119 (2003) (evidence of defendant's prior molestation of another child was admissible to show a common scheme or plan); *State v. Sexsmith*, 138 Wn. App. 497, 501, 505, 157 P.3d 901 (2007) (daughter's testimony describing acts of sexual abuse defendant committed upon her when she was a child was relevant to show a common plan or scheme); *State v. Krause*, 82 Wn. App. 688, 697, 919 P.2d 123 (1996) (evidence of prior uncharged sex abuse of young boys was admissible to show a common scheme or plan to molest young boys). Our Supreme Court in *State v. Lough*, 125 Wn.2d 847, 852, 889 P.2d 487 (1995), held that in order for evidence of prior acts to come in as evidence of a common scheme or plan, the prior acts must be: "(1) proved by a preponderance of the evidence, (2) admitted for the purpose of proving a common plan or scheme, (3) relevant to prove an element of the crime charged or to rebut a defense, and (4) more probative than prejudicial." "When [the *Lough*] analysis is scrupulously applied by the trial court, it effectively prohibits mere propensity evidence." *DeVincentis*, 150 Wn.2d at 23.

The prior acts of abuse need not have been charged offenses to be admissible under ER 404(b). *Lough*, 125 Wn.2d at 863. However, because of the inherent risk of prejudice in admitting this type of evidence, uncharged offenses are admissible only if their probative value is substantial. *Lough*, 125 Wn.2d at 863; *see also Krause*, 82 Wn. App. at 690 (holding that trial court did not err in admitting evidence of uncharged sex abuse to show a common scheme or plan).

In *DeVincentis*, the court considered a challenge to the admission of evidence of prior sexual misconduct with a child in a case where the defendant was charged with rape of a child

6

and child molestation. 150 Wn.2d at 14-16. In that case, the trial court admitted testimony of a witness who said that when she was a young girl the defendant regularly wore only bikini or g-string underwear around her, showed her naked pictures, and engaged in sexual contact with her. *DeVincentis*, 150 Wn.2d at 15. The trial court admitted this evidence, finding that the defendant's "lack of clothing showed a design or plan to add a sense of normalcy to his behavior and to gain the trust of the girls by desensitizing them to his nudity, thereby making it easier to move from nudity to physical . . . and sexual behavior." *DeVincentis*, 150 Wn.2d at 16 (internal quotation marks omitted). Our Supreme Court upheld the trial court's admission of this evidence, finding that the trial court conducted the proper hearing, made the required findings under *Lough*, and had tenable grounds for its decision to admit this evidence. *DeVincentis*, 150 Wn.2d at 22-24.

Here, the trial court held a formal hearing, heard testimony from witnesses, and considered an oral offer of proof of MB's anticipated testimony at trial. The court considered the four *Lough* factors and concluded based on the evidence presented that (1) the prior acts with MB occurred by a preponderance of the evidence, (2) MB's testimony "contain[ed] sufficient similarities to demonstrate a common scheme or plan by the Defendant to groom the two girls for abuse," (3) the evidence was to be used for the proper purpose of showing a common plan or scheme and to show the circumstances leading to CB's disclosure, and (4) the evidence was highly relevant and that its probative value outweighed its prejudicial effect. CP at 56. In this case, like *DeVincentis*, the trial court concluded that MB's testimony as to her father's lack of clothing and showing her naked pictures was sufficiently similar to the charged conduct and that it went to a common plan or scheme to "groom" the young girls for sexual abuse. The trial court

7

did not abuse its discretion when it admitted the testimony of MB under ER 404(b) because it meticulously applied the law and had tenable grounds and reasons for its decisions.

Further, the trial court instructed the jury to consider MB's testimony for a limited, specified purpose. The jury is presumed to follow the trial court's instructions, and in cases where a limiting instruction is clearly given by the court, our Supreme Court has found that the record fails to support a contention that the jury used the ER 404(b) evidence for an improper purpose. *See Lough*, 125 Wn.2d at 864. Accordingly, we hold that the trial court did not abuse its discretion in admitting this testimony.

2. Challenge to CB's Statements was Unpreserved

Bowman argues that the trial court abused its discretion in admitting under RCW 9A.44.120[2] the audio recording from one interview of CB and written reports generated from that interview and a second interview. Bowman contends that the court abused its discretion in admitting these hearsay statements because the content of the two interviews exceeded the scope of that allowed under RCW 9A.44.120. We decline to address Bowman's argument because he failed to raise this objection in the trial court.

Bowman admits that portions of the interviews were properly admitted under RCW 9A.44.120, but contends that the court erred in admitting the interviews in their entirety because portions of the interviews do not discuss "sexual contact" and therefore fall outside the statute's reach. SAG at 4-6. This objection was not raised in the trial court. Moreover, at the evidentiary hearing and in his briefing to the trial court, Bowman's attorney specifically requested that if the

---

[2] RCW 9A.44.120 allows for the admission of statements made by children under the age of ten about acts of sexual contact if the time, content, and circumstances of the statement provide sufficient indicia of reliability and the child testifies at trial or is unavailable.

court was to admit any portion of the interview under RCW 9A.44.120, under the best evidence rule (ER 1002) and the rule of completeness (ER 106) the court must admit the entire interview. Because the court found that the recording contained admissible hearsay statements under RCW 9A.44.120, and because both parties agreed the complete recording should be admitted, the court found no reason to consider whether portions should be redacted and admitted the entire recording.

As noted above, RAP 2.5(a)(3) allows review of unpreserved arguments involving manifest error affecting a constitutional right. But the issue Bowman raises is not constitutional. If both the child hearsay declarant and the hearsay recipient testify at trial, then there is no issue of constitutional magnitude involved in admitting child hearsay. *State v. Quigg*, 72 Wn. App. 828, 834, 866 P.2d 655 (1994). In *Quigg*, the court declined to consider the defendant's allegation that the court erred in admitting hearsay evidence that went beyond the scope of RCW 9A.44.120 when the defendant did not object to the testimony at trial on those grounds, and when the hearsay declarant testified at trial subject to full cross-examination. 72 Wn. App. at 834-35. Here, both CB (the hearsay declarant) and Detective Reinhold (the hearsay recipient) testified at trial and were subject to cross-examination. Thus, the alleged error did not rise to the level of a constitutional violation, and we decline to consider Bowman's argument for the first time on appeal.

3.  Verdict Was Not Based on Emotion

Bowman argues that the jury verdict was erroneously based on emotion, not reason. He argues that the State's theory that he had a plan to groom his daughters for abuse was designed to inflame the jurors' emotions against him, and that the use of that term, as well as the terms

9

44626-0-II

"victim" and "abuse," interfered with the jury's ability to ignore their emotions and make a decision based on a rational consideration of the evidence. SAG at 7. Bowman also claims that the voir dire statement made by a juror (who was later excused) that she could tell the defendant was guilty by looking into his eyes inflamed the jury. We reject these arguments.

Bowman's contention that the State's "grooming" theory was unfairly prejudicial has no merit. The court held that the "grooming" theory was relevant to the case and that the prejudicial effect was outweighed by the probative value. Washington courts have allowed the State to argue to the jury a theory that the defendant was "grooming" his victim for abuse based on admitted prior acts of sexual abuse. *See DeVincentis*, 150 Wn.2d at 16-24; *Krause*, 82 Wn. App. at 94-97. Further, there is no indication that the commonly used terms "victim" and "abuse" or the term "grooming" were designed to evoke an improper emotional response. The evidence presented at trial and the State's arguments may have affected the jurors' emotions, but the trial court instructed the jury that "[y]ou must not let your emotions overcome your rational thought process." CP at 61. "We presume that juries follow all instructions given." *State v. Stein*, 144 Wn.2d 236, 247, 27 P.3d 184 (2001). We reject Bowman's contention that the State's grooming theory and the use of these words inflamed the jury's emotions and thereby denied him a fair trial.

There also is no support in the record for Bowman's contention that the jury was influenced by statements of a dismissed potential juror. Moreover, when the juror made the

10

comment Bowman did not move for a mistrial or ask for a limiting instruction. As a result, under RAP 2.5 we need not consider this argument.

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports but will be filed for public record pursuant to RCW 2.06.040, it is so ordered.

MAXA, J.

We concur:

LEE, J.

MELNICK, J.

11