IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

STATE OF WASHINGTON,       )
                          )       No. 32292-1-III
            Respondent,   )
                          )
    v.                    )
                          )
GARY D. HAMMELL,          )       UNPUBLISHED OPINION
                          )
            Appellant.    )

KORSMO, J. — Gary Hammell was convicted of third degree assault by a jury that was instructed it had a duty to return a verdict of guilty if it found all of the elements of the crime proven beyond a reasonable doubt. Since the jury was properly instructed, we affirm the conviction.

FACTS

This case began when an officer requested Mr. Hammell's identification while he was sitting in the driver's seat of his vehicle talking on a cell phone; his vehicle was pulled over on to the shoulder. He declined to provide the information, the matter escalated, and an assault ensued.

Mr. Hammell was charged in the Grays Harbor County Superior Court with one count of third degree assault. The matter proceeded to jury trial. The court instructed the

No. 32292-1-III
*State v. Hammell*

jury in accordance with 11 WASHINGTON PRACTICE: WASHINGTON PATTERN JURY INSTRUCTIONS: CRIMINAL 44.11, at 785 (3d ed. 2008) that contains the "duty to convict" language noted above. Mr. Hammell did not object to the instruction.

The jury convicted Mr. Hammell as charged. The trial court imposed a sentence of 22 months' incarceration. Mr. Hammell then timely appealed.

ANALYSIS

The sole issue presented by this appeal is one that all three divisions of this court have now rejected. Consistent with that precedent, we again conclude that there was no error and this issue cannot be presented initially on appeal.

The essence of Mr. Hammell's argument is that the instruction is erroneous because the jury has a right to acquit despite the evidence. Various aspects of this argument have been rejected in the past. Initially, Divisions One and Two considered the argument and determined that the duty to convict instruction was not erroneous. *State v. Brown*, 130 Wn. App. 767, 770-71, 124 P.3d 663 (2005); *State v. Meggyesy*, 90 Wn. App. 693, 698-706, 958 P.2d 319 (1998), *abrogated on other grounds by State v. Recuenco*, 154 Wn.2d 156, 110 P.3d 188 (2005).

Division Three agreed with the other divisions in *State v. Wilson*, 176 Wn. App. 147, 151, 307 P.3d 823 (2013), *review denied* 179 Wn.2d 1012 (2014). There the court concluded that the "duty to convict" language in the pattern instruction did not violate the

2

No. 32292-1-III
*State v. Hammell*

constitution. *Id.* In accordance with the precedent of all three divisions, we conclude that the instruction used in this case was not erroneous.

Because there is no constitutional error, this matter cannot be considered for the first time on appeal. RAP 2.5(a). There also was no error. Accordingly, for both reasons the conviction is affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Korsmo, J.

WE CONCUR:

Siddoway, C.J.

Lawrence-Berrey, J.

3