IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON,<br><br>Respondent,<br><br>v.<br><br>BOBBY BARNARD BEASLEY aka<br>BOBBY BERNARD BEASLEY,<br><br>Defendants,<br><br>and<br><br>JEFFREY STUART BEASLEY, and<br>each of them,<br><br>Appellant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No. 68939-8-I<br><br>DIVISION ONE<br><br><br><br><br><br>UNPUBLISHED OPINION<br><br>FILED: November 17, 2014 |

BECKER, J. — A defendant's right to a jury is not violated where the jury is instructed that it has a duty to return a guilty verdict if it finds that the State has proven all elements beyond a reasonable doubt. We affirm.

Appellant Jeffrey Stuart Beasley was charged with two counts of first degree robbery, each with a firearm enhancement. The underlying incident occurred on March 10, 2011. A jury convicted Beasley as charged on May 24, 2012. The jury also found, by special verdict forms, that Beasley possessed a firearm during each robbery. Beasley was sentenced to a total of 291 months in prison.

On appeal, Beasley contends the trial court violated his right to a jury trial by giving the instruction he now challenges:

> If you find from the evidence that all of these elements have been proved beyond a reasonable doubt, then it will be your duty to return a verdict of guilty as to [this count].

Beasley did not object to this instruction. In fact, defense counsel told the court that he would suggest the court give the same instruction. The State contends any error was invited.

Invited or not, there was no error because this instruction does not violate a defendant's right to a jury trial. State v. Meggyesy, 90 Wn. App. 693, 706, 958 P.2d 319, review denied, 136 Wn.2d 1028 (1998), abrogated on other grounds by State v. Recuenco, 154 Wn.2d 156, 110 P.3d 188 (2005); State v. Moore, 179 Wn. App. 464, 465-69, 318 P.3d 296, review denied, 180 Wn.2d 1019 (2014). Following these precedents, we reject Beasley's appeal.

Beasley has filed a pro se statement of additional grounds for review pursuant to RAP 10.10, accompanied by approximately 1,500 pages of "exhibits," which are copies of documents in the record in this case. Beasley's statement of additional grounds sets forth legal propositions culled from constitutions, cases, digests, rule books, treatises, dictionaries and other sources. Beasley's statement then calls upon the court to refer to various pages of his exhibits and to compare them with other pages. This is not an effective strategy for obtaining review of issues not raised in the brief of appellant. A statement of additional grounds must "inform the court of the nature and occurrence of alleged errors." RAP 10.10(c). Beasley's statement, despite its length, is not informative.

We understand Beasley's additional grounds to be six in number. First, he claims that his speedy trial right was violated. Beasley was arraigned on March

2

31, 2011. Trial was continued to May 3, 2012, by a number of orders to allow for investigation of new evidence, completion of trial preparation, the prosecutor's other trial dates, and defense counsel's illness. Trial began May 3, 2012. Nothing stands out to suggest an error that would warrant further review.

Second, Beasley claims that his right to due process was violated. He refers the court to various pages of his exhibits to demonstrate that the testimony of certain witnesses made his trial unfair. Because this method of presentation does not inform the court of the nature and occurrence of the alleged error, review is not warranted.

Third, Beasley alleges that imposing firearm enhancements on his two convictions for robbery in the first degree was a double jeopardy violation. That is not the law. State v. Kelley, 168 Wn.2d 72, 84, 226 P.3d 773 (2010).

Fourth, Beasley argues that the State committed a "search warrant violation" when "the security of [his] home was breached prior to execution of warrant." He cites various pages of the exhibits and various legal authorities, but the method of presentation but does not inform the court of the nature and occurrence of the alleged error. Review is not warranted.

Fifth, Beasley alleges that he has not received portions of the record. He claims some of the record must be missing because he recalls making remarks that are not reflected in the record provided to him. Because this issue involves facts or evidence not in the record, it is not appropriate to raise it in a statement of additional grounds. State v. Calvin, 176 Wn. App. 1, 26, 302 P.3d 509, 316 P.3d 496 (2013).

Sixth, Beasley suggests that insufficient evidence supports his conviction. He particularly claims there was insufficient evidence identifying him as a robber. However, he admits that one of the witnesses did identify him. The credibility of that testimony is for the jury to decide, not for this court. Review is not warranted.

Affirmed.

Becker, J.

WE CONCUR:

Trickey, J.

Spearman, J.